UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIORGINO HUERTA,

      Plaintiff,

  v.

TIM VIRGA,

      Defendant.

No. 2:14-cv-1419 DAD P

ORDER

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Request to proceed in forma pauperis

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

/////

/////

The factual allegations in the complaint regarding the incident about which plaintiff sues are set forth in their entirety as follows:[1]

> Warden Tim Virga of New Folsom Prison held my legal mail since 2009 to politicians, courts, attorneys and other legal sources to me on an appeal of murder 2nd degree.  In April 11 2012 I received a letter and photo copies of the letters never send.

(Complaint ( ECF No. 5) at 3.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must also allege in specific terms how each named defendant is involved in the constitutional violation.[2]  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

---

[1] All typographical errors are as they appear in the complaint.

[2] In other words, plaintiff must allege how defendant Warden Virga (or any other individual whom plaintiff chooses to name as a defendant in an amended complaint) was involved with, or participated in, the alleged interference with plaintiff's mail.

3

1            Plaintiff is advised of the following standards for claims stemming from prison officials'
2    alleged interference with the mail of inmates.  In any amended complaint, plaintiff should set
3    forth facts that satisfy the elements of each claim that he wishes to plead.
4            Plaintiff may have a claim under the First Amendment for interference with his outgoing
5    mail.  "The Supreme Court makes clear that in the prison context, an inmate retains those First
6    Amendment rights not inconsistent with his status as a prisoner or with the legitimate penological
7    objectives of the corrections system."  Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir.
8    2001) (citations and internal quotation marks omitted).   Among these rights is "a First
9    Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995)
10   (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  Because outgoing correspondence from
11   prisoners does not ordinarily pose a serious threat to internal prison order and security,[3] a "closer
12   fit between [any] regulation [restricting outgoing mail] and the purpose it serves may safely be
13   required" by courts.  Thornburgh, 490 U.S. at 412.  Nevertheless, a temporary delay or isolated
14   incident of delay or other mail interference without evidence of improper motive does not violate
15   a prisoner's First Amendment rights.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999).  In
16   any amended complaint that he may elect to file, plaintiff should, at minimum, include additional
17   factual allegations regarding the type of mail that he was attempting to send, the intended
18   recipients of that mail, and the number of mail items that were either delayed or not sent at all.
19           If the items that plaintiff was allegedly prevented from mailing included pleadings or
20   other legal documents meant to be filed in a lawsuit, plaintiff may also have a claim for
21   interference with his First and Fourteenth Amendment right to access the courts.  "[A]ccess to the
22   courts means the opportunity to prepare, serve and file whatever pleadings or other documents are
23   necessary or appropriate in order to commence or prosecute court proceedings affecting one's
24   personal liberty."  Lewis v. Casey, 518 U.S. 343, 384 (quoting Hatfield v. Bailleaux, 290 F.2d
25   632, 637 (9th Cir. 1961)).  "When a prisoner asserts a backward-looking denial of access claim –

---

[3] Outside of "readily identifiable categories [such as] escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion." Thornburgh, 490 U.S. 412 (citing Procunier v. Martinez, 416 U.S. 396, 412-13 (1974)).

4

one . . . seeking a remedy for a lost opportunity to present a legal claim – he must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), vacated and remanded on other grounds, 555 U.S. 1150 (2009). If plaintiff claims that his right of access to the courts was interfered with, then any amended complaint must provide further factual allegations concerning the legal claim he was unable to pursue, the remedy he sought, and how the actions of specific defendants prevented him from pursuing that claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416 (2002).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Motion for Appointment of Counsel

Plaintiff has also requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Given the lack of information set forth in plaintiff's complaint, the court is at this point unable to evaluate plaintiff's likelihood of success on the merits of his claims. Plaintiff also repeatedly alleges that he suffers from mental illness and has consequently been deemed to suffer from a disability within the meaning of the Americans with Disabilities Act. (See ECF Nos. 1, 8, 15, 16, 17, 18.) Standing alone, these allegations are insufficient to justify appointment of counsel at this time. Plaintiff has failed to provide any details regarding his mental illness or his disability, and the manner in which these conditions interfere with his ability to represent himself in this lawsuit. Accordingly, in the present case, the court does not find the required exceptional circumstances to justify appointment of counsel at this time.

IV. Plaintiff's Letters to the Court

Finally, the court notes that plaintiff has repeatedly filed letters requesting that the court order, arrange, or otherwise organize a monetary settlement of plaintiff's claims against defendant Warden Virga. (ECF Nos. 1, 8, 15, 16, 17, 18.) Plaintiff is advised as follows. The court cannot order a defendant in a civil case to enter into a monetary settlement. It may be that, at some future date, the defendant in this case will participate in a settlement conference and ultimately enter into a voluntary settlement with plaintiff. However, plaintiff must first file an amended complaint that states one or more cognizable claims for relief. Once plaintiff does so, the court, after screening, will order service on the named defendant. The defendant may then move to dismiss the complaint. It is unlikely that a productive settlement conference can be held in this action until the defendant files an answer to the complaint, and the parties have conducted discovery. In the meantime, plaintiff is admonished to stop filing settlement requests with the court. Doing so will only delay the court's handling of his case.

/////
/////
/////

V. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 14) is granted.

2. Plaintiff's February 4, 2015 motion for the appointment of counsel (ECF No. 15) is denied without prejudice.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 17, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
huer1419.14.new